Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50088 | **DATE** | 10/15/2001 |
| **CASE TITLE** | Sutton vs. Central Laborers' Pension Fund | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to transfer venue

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to transfer is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | OCT 16 2001 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, John R. Sutton, has filed a three-count complaint against defendant, Central Laborers' Pension Fund ("the Fund"), brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Jurisdiction is proper under 29 U.S.C. § 1132(e)(1). Before the court is the Fund's motion to transfer venue, filed pursuant to 28 U.S.C. §§ 1404, 1406.

The first matter the court must decide is whether the Northern District of Illinois is a proper forum under ERISA's venue provision as a district "where the breach took place." 29 U.S.C. § 1132(e)(2). While Sutton believes this phrase means the place where he would have received his pension benefits had the Fund not improperly denied them (i.e., the Northern District of Illinois), the Fund argues a "breach" under § 1132(e)(2) can occur only in the district where the ERISA plan is administered or the decision to deny benefits was made (in this case, the Central District of Illinois). Although both parties have cited case law to support their alternate interpretations, Sutton's appears to represent the majority view and is, in the court's opinion, the more well-reasoned one.

The few cases addressing this issue at any length have generally followed the lead of Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan, 517 F. Supp. 627 (S.D. W. Va. 1981), which analogized the breach of an ERISA plan to a breach of contract. See id. at 636. This approach is also consistent with Seventh Circuit precedent requiring courts to apply federal common law rules of contract interpretation in the context of an ERISA claim. See Central States, Southeast & Southwest Areas Pension Fund v. Kroger Co., 226 F.3d 903, 911 (7th Cir. 2000), cert. denied, 121 S. Ct. 1644 (2001). Because the place where a breach of contract occurs is, under traditional contract law principles, where the contract is to be performed, so the analogy goes, the place where a breach of an ERISA plan occurs is where the ERISA beneficiary should have received his benefits. See Bostic, 517 F. Supp. at 636. The court finds this reasoning persuasive and aligns itself with those cases coming to the same conclusion, including two from the Northern District of Illinois. See Foster G. McGraw Hosp. of Loyola Univ. of Chicago v. Pension Trust Dist. # 9 Welfare Trust I.A. of M.A.W., No. 92 C 4361, 1992 WL 309571, at *3-4 (N.D. Ill. Oct. 22, 1992); Ingalls Mem'l Hosp. v. Northeastern Ctr., Inc. Employee Benefits Plan, No. 90 C 3283, 1991 WL 24505, at *2 (N.D. Ill. Feb. 20, 1991); see also Keating v. Whitmore Mfg. Co., 981 F. Supp. 890, 892-93 (E.D. Pa. 1997) (collecting cases). In contrast, the cases interpreting the phrase "where the breach took place" as the district where the plan is administered or where the decision to deny benefits was made are not particularly convincing because they either provide little, if any, analysis or what little discussion they do provide is dicta. See, e.g., Seitz v. Board of Trust. of the Pension Plan of the N.Y. State Teamsters Conference & Retirement Fund, 953 F. Supp. 100, 102 (S.D.N.Y. 1997); Turner v. CF&I Steel Corp., 510 F. Supp. 537, 541 (E.D. Pa. 1981); Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan, 481 F. Supp. 454, 459 (N.D. Ga. 1979). A more substantive problem with such an interpretation is that it renders superfluous a separate clause of the ERISA venue provision, which explicitly authorizes a claim to be brought in a district "where the plan is administered." 29 U.S.C. § 1132(e)(2); see Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992) ("courts should disfavor interpretations of statutes that render language superfluous"). The court thus finds venue is proper in the Northern District of Illinois because that is where the breach in this case took place – i.e., where Sutton would have received his pension benefits.

Anticipating this ruling, the Fund requests the case nevertheless be transferred to the Central District of Illinois as a more convenient forum under 28 U.S.C. § 1404(a). After reviewing the Fund's brief and sole affidavit in support of its motion to transfer, however, it is clear the Fund has failed to establish that district is *clearly* the more convenient forum by reference to the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 & 219 n.3 (7th Cir. 1986). In fact, the Fund has not even supplied the court with the necessary information to adequately balance the above factors. At most, the Fund has shown the Central District of Illinois would be more convenient to *it* because that is where it is headquartered. This amounts to nothing more than shifting the inconvenience of one party to the other, which is not a proper reason to transfer. See Boyd v. Snyder, 44 F. Supp. 2d 966, 969 (N.D. Ill 1999). It also claims litigating the case here would be a "great inconvenience" to its witnesses, such as its administrative personnel, but never goes beyond vague generalizations in making this argument and fails to clearly specify who its key witnesses would be or even provide a generalized statement of what their testimony would be. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293-94 (7th Cir. 1989). The Fund further contends that all the relevant documentary evidence is located in the Central District of Illinois, but, even accepting that as true, the court sees no reason why this evidence cannot be easily transported to this district. Finally, the court must give substantial deference to Sutton's chosen forum, especially when, as here, it is his home forum. See Boyd, 44 F. Supp. 2d at 969.

For the reasons stated above, the Fund's motion to transfer is denied.