Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50088 | **DATE** | 12/13/2002 |
| **CASE TITLE** | Sutton vs. Central Laborer' Pension Fund | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motions to dismiss and to strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motions to dismiss and to strike are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| X | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| /LC | courtroom deputy's initials |

number of notices

DEC 13 2002 date docketed

12-13-02 date mailed notice

Date/time received in central Clerk's Office — mailing deputy initials

# MEMORANDUM OPINION AND ORDER

Plaintiff, John R. Sutton, has filed a three-count complaint against defendant, Central Laborers' Pension Fund ("the Fund"), brought under the Employee Retirement Income and Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). The Fund has, in turn, filed a counterclaim and asserted an affirmative defense against Sutton based on the common law tort of fraudulent concealment. Jurisdiction over Sutton's complaint is proper under 29 U.S.C. § 1132(e)(1) and supplemental jurisdiction is proper over the Fund's counterclaim based on 28 U.S.C. § 1367. Before the court is Sutton's motion to dismiss the counterclaim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), and his motion to strike the affirmative defense, filed under Rule 12(f).

Sutton's motions to dismiss and to strike are based on the same theory: that the Fund's fraudulent concealment claim is preempted by ERISA. See 29 U.S.C. § 1444(a). In light of a recent opinion issued by the Seventh Circuit in Trustees of the AFTRA Health Fund v. Biondi, 303 F.3d 765 (7th Cir. 2002), however, Sutton faces a losing cause. In Biondi, the court held that an ERISA plan's common law fraud claim against one of its participants, based on the participant's intentional misrepresentation and fraudulent concealment of his and his wife's divorce, was not preempted by ERISA. Specifically, the court held that an "[ERISA] plan participant's decision to commit fraud in the context of an employee benefit plan does not immunize him from tort liability under state law." Id. at 781. The Fund's counterclaim in this case is, for all practical purposes, virtually indistinguishable from the plaintiff's claim in Biondi. Here, the Fund alleges Sutton fraudulently concealed from it the fact that he had worked in "disqualifying employment," which is cause to suspend his benefits under the Fund's plan. As in Biondi, the Fund seeks to recover damages in the form of benefits it alleges it should not have paid out. And, based on the thorough and exhaustive treatment of the issue in Biondi, the Fund may proceed in doing so under its fraudulent concealment theory without being preempted by ERISA.

Recognizing Biondi controls this issue, Sutton tries to distinguish that case on the ground that the Fund's counterclaim requires the court to interpret or apply the terms of the ERISA plan, whereas the plaintiff's fraud claim in Biondi did not. Specifically, he argues that the court first would have to determine whether a participant under the Fund's plan has a duty to notify the Fund if he works in disqualifying employment. In the court's opinion, this argument is going nowhere as the Seventh Circuit rejected the same sort of distinction made by the defendant in Biondi, who argued that the fraud the plan complained of was "totally dependent on the Plan's requirement that participants notify the Fund of any change in marital status." Id. at 780. Unpersuaded, the Seventh Circuit explained that the plaintiff's "common law fraud claim does not implicate any of ERISA's fundamental concerns; *the Plan is merely the context in which Biondi's fraudulent concealment occurred.*" Id. at 779 (emphasis added). "Therefore, to the extent the Plan's provisions are to be examined, it is only done to determine whether the [plaintiff has] established that Biondi had a duty under tort law not to conceal his divorce from the Fund." Id. at 781. The court sees no way Sutton can argue his way around this reasoning or its application to the Fund's counterclaim.

For the reasons stated above, plaintiff's motions to dismiss and to strike are denied.